IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENG ZHAO,<br><br>  Petitioner,<br><br>     v.<br><br>JOHN ASHCROFT, et al.,<br><br>  Respondents. | 1:05-cv-00068-OWW- TAG HC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED<br><br>ORDER DIRECTING THE CLERK TO SERVE DOCUMENTS ON RESPONDENT |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

Petitioner originally filed his petition on January 18, 2005. (Doc. 1). On April 5, 2005, Petitioner filed an amended petition alleging that he is a native of China who is subject to a final order of removal. (Doc. 7, p. 2). Petitioner also alleges that he has been in the custody of ICE since December 7, 2004, and that his continued detention is in violation of § 241(a) of the Immigration

and Naturalization Act ("INA"), and the United States Supreme Court's decision in <u>Zadvydas v. Davis</u>, 121 S.Ct. 2491 (2001). (Doc. 7, p. 2). Petitioner requests his immediate release or, alternatively, his release on bond. (<u>Id.</u> at p. 4). Petitioner does not challenge the underlying final order of removal.

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted. Rule 4, Rules Governing Section 2254 Cases [1]; <u>see</u> Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2). Respondent SHALL INCLUDE a copy of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases. In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading. Should the parties fail to notify the Court that Petitioner has been released, the parties may be subject to sanctions pursuant to the inherent power of the Court to issue sanctions in appropriate cases. <u>See</u> Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED:

1. Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted. The Return to the Order to Show Cause is due within FORTY-FIVE (45) days of the date of service of this order. Petitioner may file a Traverse to the Return within TEN (10) days of the date the Return to the Order to Show Cause is filed with the Court.

2. The Clerk of the Court is DIRECTED to SERVE a copy of the Petition for Writ of Habeas Corpus on the United States Attorney. (Court Doc. 1).

///
///
///
///

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

1       The Court has determined that this matter is suitable for decision without oral argument
2 pursuant to Local Rule 78-230(h).  As such, the matter will be taken under submission following the
3 filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.  All other briefing
4 in this action is suspended.

6 IT IS SO ORDERED.

7 **Dated:**   **June 3, 2005**                 **/s/ Theresa A. Goldner**
   j6eb3d                                     UNITED STATES MAGISTRATE JUDGE