1
2
3
4                    IN THE UNITED STATES DISTRICT COURT

5                  FOR THE EASTERN DISTRICT OF CALIFORNIA

6    HENG ZHAO,                          )    1:05-cv-00068-OWW-TAG HC
                                         )
7                                        )
                                         )    REPORT AND RECOMMENDATION TO GRANT
8                                        )    RESPONDENT'S MOTION TO DISMISS
                                         )    PETITION FOR WRIT OF HABEAS CORPUS
9                                        )    (Doc. 13)
                                         )
10                   Petitioner,         )    ORDER WITHDRAWING ORDER OF
                                         )    SEPTEMBER 20, 2005 (Doc. 12)
11        v.                             )
                                         )    ORDER PERMITTING RESPONDENT TO
12   JOHN ASHCROFT, et al.,              )    WITHDRAW RESPONSE DATED
                                         )    JULY 18, 2005 (Doc. 11)
13                                       )
                                         )
14                   Respondents.        )
                                         )
15   _____

16        Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement

17   ("ICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

18   The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)

19   and Local Rule 72-302.

20        Petitioner originally filed his petition on January 18, 2005.  (Doc. 1).  On April 5, 2005,

21   Petitioner filed an amended petition alleging that he is a native of China who is subject to a final

22   order of removal.  (Doc. 7, p. 2).  Petitioner also alleged that he has been in the custody of ICE since

23   December 7, 2004, and that his continued detention is in violation of § 241(a) of the Immigration

24   and Naturalization Act ("INA"), and the United States Supreme Court's decision in Zadvydas v.

25   Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).  (Doc. 7, p. 2).  The Petition requested Petitioner's

26   immediate release or, alternatively, his release on bond.  (Id. at p. 4).

27        On June 6, 2005, the Court issued an Order to Show Cause why the Petition should not be

28   granted.  (Doc. 10).  On July 18, 2005, Respondent filed his response to the Order to Show Cause,

1

1   contending that Petitioner's continued detention was the result of his failure to cooperate with

2   Respondent's authorities in effecting Petitioner's removal.  (Doc. 11-1, p. 4).   On September 20,

3   2005, the Court ordered Respondent to answer, including providing Petitioner's Alien file.  (Doc.

4   12).  On October 3, 2005, Respondent filed the instant motion to dismiss for lack of jurisdiction.

5   (Doc. 13).  In that motion, Respondent contends that the Court now lacks jurisdiction over the

6   proceedings because Petitioner was removed to India on September 28, 2005.  (Doc. 13-1, p. 1).

7   Respondent also withdraws his earlier filing of July 18, 2005 and requests to be relieved of the

8   obligation to submit Petitioner's Alien file.  (Id. at p. 2).

9   **DISCUSSION**

10          A federal court may only grant a petition for writ of habeas corpus if the petitioner can show

11   that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2241(c)(3).  A habeas

12   corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his

13   confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), quoting, Preiser v. Rodriguez, 411

14   U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254

15   Cases.  However, the petition must "allege facts concerning the applicant's commitment or

16   detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would

17   entitle him to habeas corpus relief if they are true.  O'Bremski v. Maass, 915 F.2d 418, 420

18   (9th Cir.1990).  If it may be conclusively determined from the face of the petition that Petitioner is

19   not entitled to relief on the grounds alleged, then the petition must be dismissed.  Rule 4 of the Rules

20   Governing § 2254 Cases[1]; Peterson v. Wilson, 373 F.2d 737, 738 (9th Cir.1967).

21          Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court is required to make a

22   preliminary review of each petition for writ of habeas corpus.  "If it plainly appears from the face of

23   the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition.

24   Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490

25   (9th Cir.1990).

26   ///

27   
28        [1]The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion.  See, Rule 1(b) of the Rules Governing § 2254 Cases.

In the instant case, the only issue before this Court has been the lawfulness of Petitioner's ongoing detention by Respondent, and the only relief which the Court could have afforded to Petitioner in these proceedings was an order releasing him from custody, in the event that the Court determined that his continued detention by ICE was unlawful.  The record now before the Court establishes that Petitioner was released from Respondent's custody on September 28, 2005. (Docs. 13-1, 13-2).  Thus, since there is no further relief that the Court can afford Petitioner, Respondent's Motion to Dismiss for Lack of Jurisdiction should be GRANTED and the Petition should be DISMISSED for failure to state a claim as it is now MOOT.   Moreover, the Court will permit Respondent to withdraw the response filed on July 18, 2005, and will withdraw its own order of September 20, 2005, requiring that Respondent provide Petitioner's Alien file.  (Doc. 12).

**<u>ORDER</u>**

GOOD CAUSE being established therefor, the Court hereby ORDERS as follows:

1.  The Order dated September 20, 2005 (Doc. 12), requiring Respondent to submit Petitioner's Alien file is hereby WITHDRAWN; and

2.  Respondent's Response to the Order to Show Cause, dated July 18, 2005 (Doc. 11), is deemed WITHDRAWN by Respondent.

**RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS as follows:

1.  Respondent's Motion to Dismiss for Lack of Jurisdiction (Doc. 13), should be GRANTED;

2.  The Amended Petition for Writ of Habeas Corpus (Doc. 7), should be DISMISSED for failure to state a claim as it is now MOOT.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to

28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 18, 2006**                                          _____**/s/ Theresa A. Goldner**_____
**j6eb3d**                                                                    UNITED STATES MAGISTRATE JUDGE

4